**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

PAULINO ROBERTO DEPAZ ARMIRA,
Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,
Respondent.

No. 2:26-cv-03084-SHL-tmp

---

**ORDER GRANTING PETITION**

---

Before the Court is Petitioner Paulino Roberto Depaz Armira's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed August 20, 2026. (ECF No. 1.) Armira, a citizen of Guatemala, challenges his immigration-related detention as violative of his Fifth Amendment due process rights and the Immigration and Nationality Act. (Id. at PageID 8–9.) He seeks immediate release or a bond hearing. (Id. at PageID 1.) Respondent responded on September 2, 2026. (ECF No. 6.) Petitioner replied on September 7, 2026. (ECF No. 7.)

For the reasons stated below, the Petition is **GRANTED** to the extent that Petitioner shall be afforded a meaningful bond hearing.

**BACKGROUND**

Armira states that he entered the United States without inspection in 2006 and has resided here continuously since his entry. (ECF No. 1 at PageID 1.) Prior to the events giving rise to his habeas petition, on June 20, 2024, Armira was convicted of Criminal Impersonation. (ECF No. 6-2 at PageID 32; ECF No. 7 at PageID 35.) Petitioner's conviction stemmed from a March 2021 traffic stop where Armira possessed the identification of a man who had recently sold him

the car he was driving.[1] (ECF No. 7 at PageID 35.)

On August 15, 2026, Armira was stopped and charged with driving on a suspended license. (ECF No. 1 at PageID 8.) He was subsequently detained by ICE. (Id.) He was then transported to the West Tennessee Detention Center, where he remains in custody. (ECF No. 1.)

## ANALYSIS

Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody any undocumented non-citizen who is deportable by reasons of having committed an offense covered in various provisions of 8 U.S.C. § 1227. One of the deportable offenses outlined in § 1227 covers "crimes of moral turpitude . . . for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). Another deportable offense under § 1227 covers "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude . . . regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable." Id. § 1227(a)(2)(A)(ii).

"An offense involves 'moral turpitude' if it proscribes conduct 'that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'" Hernandez-Mendez v. Blanche, No. 25-3755, 2026 WL 1498308, at *1 (6th Cir. May 28, 2026) (quoting Yeremin v. Holder, 738 F.3d 708, 714 (6th Cir. 2013)). Crimes involving fraud or deception "qualify as crimes involving moral turpitude." Id. (citation omitted). And a "criminal conviction qualifies as long as 'fraud or deception is inherent in the nature of the offense' even if the statute does not 'explicitly require an intent to defraud or use the language of fraud.'" Id. (citation omitted).

[1] Respondent alleges several other arrests and convictions, but relies primarily on the criminal impersonation conviction in arguing that Armira's detention is lawful. (See ECF No. 6 at PageID 18.)

In Tennessee "[a] person commits criminal impersonation who, with intent to injure or defraud another person: (1) Assumes a false identity; (2) Pretends to be a representative of some person or organization; (3) Pretends to be an officer or employee of the government; or (4) Pretends to have a disability." Tenn. Code Ann. § 39-16-301(a) (2025). Criminal impersonation is a Class B misdemeanor. Id. § 39-16-301(d)(1). The maximum term of imprisonment for a Class B misdemeanor in Tennessee is six months. See Tenn. Code Ann. § 40-35-111(e)(2).

Respondent principally argues that Armira's detention is lawful under 8 U.S.C. § 1226(c)(1)(B) based on his criminal history, in particular his conviction for criminal impersonation. (ECF No. 6 at PageID 19.) Petitioner asserts that his 2024 conviction was a misunderstanding, that he did not have an intent to defraud, and that, based on the facts underlying his conviction, he did not commit a crime involving moral turpitude. (ECF No. 7 at PageID 35.)

Here, Respondent has failed to show that Armira committed a crime involving moral turpitude, at least as that term is defined under the relevant statutory authorities. First, Respondent focuses on Armira's Criminal Impersonation conviction. But, based on Respondent's filing, it appears that Criminal Impersonation is a misdemeanor in Tennessee and therefore not "a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II); see also Tenn. Code Ann. § 39-16-301(a); Tenn. Code Ann. § 40-35-111(e)(2). Additionally, despite referencing that an individual "convicted of two or more crimes involving moral turpitude . . . regardless of whether confined therefor . . . is deportable," Respondents do not contend that Armira committed two offenses involving moral turpitude. Finally, as to Respondent's referencing the other offenses Armira was charged with, like identity theft, this is unavailing, as the deportable offenses referenced in § 1226(c)(1)(B) and enumerated

in § 1227 all require a conviction.

However, Petitioner's criminal history, including the above-mentioned conduct and prior convictions for Driving Under the Influence, is troubling. Typically, this Court orders immediate release as opposed to a bond hearing in cases where an alien habeas petitioner is successful. However, here, given Petitioner's alternative request for an individualized bond hearing, and the serious allegations contained in the Parties' filings, some of which Petitioner has admitted to, the appropriate remedy is a constitutionally-adequate bond hearing.

Therefore, **IT IS ORDERED** that, within five business days of the entry of this Order, Respondent shall provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge, which shall include the following:

(1) that Respondent shall provide a copy of this Order to the Immigration Judge prior to the bond hearing;

(2) that the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond, see Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026);

(3) that Respondents shall bear the burden of persuasion of justifying Petitioner's continued detention by adducing clear and convincing evidence on the record that Petitioner is either a flight risk or a danger to the community;

(4) that the Immigration Judge shall consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006), and clearly explain all legal and factual conclusions; and

(5) that the Immigration Judge shall consider, and explain, whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's ability to pay when setting any bond amount.

**IT IS FURTHER ORDERED** that Respondent shall file a Status Report within two business days of the bond hearing, that shall include when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED**, this 20th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE